Matter of the Petition of CHARLES M. KOZLAY and FRANCOIS MARCEL, to Render and Settle Their Account as Executors under the Will of HENRY R. HOWELL, Deceased.

(Surrogate's Court, Kings County, July, 1918.)

Wills — construction   of — trusts — executors   and   administrators — power of sale — suspension of power of alienation — condition in terrorem — Personal Property Law, § 11.

Where testator gave to his executors and trustees all his estate, including the good-will and benefit of a certain business, which he owned absolutely, in·trust for the execution of his will, with power to sell and dispose of same at public or private sale, at such times, and upon such terms, and in such manner

as to them or the survivor of them should seem meet, with direction that said business should not be sold until five years after his death and then only if his executors and trustees should think it for the best interest of the estate, the trust, so far as it embraces the real estate and any personalty not included in said business, may be effectuated as a passive trust to pay legacies given by prior clauses of the will and a legacy to testator's wife of a certain sum a year for five years, to the extent that the personalty may be insufficient for the purposes of such payment.

The direction that the business should not be sold until five years after testator's death renders the trust void under section 11 of the Personal Property Law as an unlawful suspension of the power of alienation.

A provision that, after the sale of testator's interest in a corporation which the executors and trustees were authorized but not directed to form for the purpose of carrying on testator's business, out of the proceeds of such sale $5,000 thereof should be reserved and set apart and held in trust for the benefit of testator's son during his minority, and a further provision that when the executors and trustees should have disposed of testator's interest in the corporation and invested the aforesaid sum and. paid all debts and legacies they should invest the balance of the estate in guaranteed mortgages for the benefit of testator's son and hold the same in trust for him until he arrives at the age of twenty-five years, when it, with the accumulated income thereon, should be paid to him, are void, as neither of said provisions can come into play, if the general trust be defeated, for they are only intended to operate after the sale of stock which will never come into existence, and as to the assets of the business there arises an intestacy unless they pass under the devise and bequest of all the residue and remainder of the estate.

Where a provision that " all the rest, residue and remainder of my estate both real and personal  *  *  *  I give and devise in equal shares to " four persons named, supervenes upon partial gifts of the residuary estate, the gift of " all the rest, residue and remainder " must be part of the scheme for the disposition of the " residue in the following manner " and obviously relates not to a true residue but to the " residuary estate " which was intended to remain in the event of the death of testator's son at which time the trust created for him should

forthwith terminate and the funds of said trusts should become a part of the residuary estate, hence there was no general residuary devise.

Where a gift of income to testator's wife provided that she should be deprived thereof if she contested the will, but there is no gift over in the event of such a contest, the condition is *in terrorem* and void.

PROCEEDING upon the settlement of the accounts of executors.

London & Davis, for executors.

Philip A. Brennan (Frederick S. Lyke, of counsel), for legatee, Jennie D. Howell.

William P. Pickett, special guardian for Henry R. Howell, Jr., infant.

Thomas H. Troy, special guardian for Howard Almeyda Thomas and Henry Russell Howell, infants.

KETCHAM, S.    The will requiring construction upon this accounting contains several general and specific legacies of small amounts, and then proceeds as follows:

"*Eighth.* I give to my executors and trustees hereinafter named, all my real and personal estate, including the good-will and benefit of the business which I am now carrying on at No. 4 Court Square, in the Borough of Brooklyn, City of New York, and known as the 'American Hair Dresser,' which I own absolutely; in trust for the execution of my will, with power to sell and dispose of same at public or private sale, at such times and upon such terms and in such manner as to them or the survivor of them shall seem meet; except that I direct that my said business shall not be sold nor my controlling interest in same, until

Misc.] Surrogate's Court, Kings County, July, 1918.

five years have elapsed after the time of my death, and then only if my said executors and trustees shall think it for the best interests of my estate.''

The 9th paragraph authorizes, but does not direct, the executors and trustees to form a corporation for the purpose of carrying on the said business.

The 10th paragraph provides for the sale of a limited portion of the stock of said corporation, and directs that the estate is always to own or control the majority of the stock of said corporation until five years have elapsed.

The 11th paragraph is as follows: ''After the sale of my interest in said corporation, or a portion thereof, and out of the proceeds of same, I direct that there shall be reserved and set apart by my said executors and trustees hereinafter named, the sum of Five thousand dollars ($5,000);'' and then follow provisions for a trust of the said $5,000 for the benefit of the testator's son until he attains the age of twenty-one years.

The 12th paragraph provides for the payment to said son of the sum of $5,000 when he shall attain the age of twenty-one years.

The 13th paragraph proceeds: '' I direct my executors and trustees to pay to my wife Jennie D. Howell the sum of One thousand Dollars ($1,000) annually, in equal monthly payments, for a period of five years from the time of my death.'' The paragraph then provides for the forfeiting of said income in case of marriage, and for the payment to her at the end of five years of such sums as the executors, in their discretion, may deem wise.

The 16th paragraph is as follows: '' If my wife Jennie D. Howell sees fit to contest this will, then I direct that she be deprived of, and she is to lose, the

Surrogate's Court, Kings County, July, 1918.    [Vol. 104.

income as provided for in paragraph Thirteen of this, my will.''

The 17th paragraph directs that his friend Charles M. Kozlay be retained as manager of the said business '' until my interest in same be disposed of, or at least until five years have elapsed since my death.''

The 19th paragraph is as follows: '' When my executors and trustees have disposed of my interest in said corporation, and have invested the sum of Five thousand dollars ($5,000) pursuant to paragraph Eleventh of this, my will, and paid all legacies and debts due from my estate, I direct that my executors and trustees invest the balance of my estate in guaranteed mortgages for the benefit of my said son, Henry Russell Howell, Junior, and hold same in trust for him until he attains the age of twenty-five years, when the same is to be paid to him with the accumulated income thereon.''

Then follows the 20th paragraph: '' In the event that my said son Henry Russell Howell, Junior, shall die before he attains the age of twenty-one or twenty-five years respectively, without leaving lawful issue him surviving, then the trusts created in paragraphs Eleventh and Nineteenth of this my will shall forthwith terminate, and the same shall become a part of my residuary estate, together with the accumulated income, and which I dispose of in the following manner;'' there are then pecuniary legacies in the amount of $3,250, and a provision that '' In case any of the above-named or either of them shall die before my said son, then his or her share shall become a part of my residuary estate.''

The 21st paragraph is: ''All the rest, residue and remainder of my estate, both real and personal, of every name and nature whatsoever, I give and devise in equal shares to '' four persons named.

Misc.]    Surrogate's Court, Kings County, July, 1918.

The trust in the 8th paragraph, so far as it embraces the real estate and any personalty not included in the business of the testator, may be effectuated as a passive trust to pay the legacies contained in the preceding paragraphs, and the legacy to the wife of $1,000 a year for five years, to the extent that the personalty may be insufficient for the purpose of such payment.

So far as it affects the business formerly of the testator, the dominant element of the trust is that such business shall not be sold until five years have elapsed. This is void since it would suspend the absolute ownership of personal property for a longer period than during the continuance and until the termination of two lives in being at the death of the testator. Pers. Prop. Law, § 11.

It only remains to determine what part, if any, of the will may be effectuated notwithstanding the invalidity of the trust.

The provision in the 11th paragraph, "After the sale of my interest in said corporation, or a portion thereof, and out of the proceeds of same, I direct that there shall be reserved and set apart by my said executors and trustees hereinafter named, the sum of Five thousand dollars ($5,000)," in trust for the benefit of the testator's son, is void.

So also is the provision in paragraph 19. The provisions quoted were made only as a part of a trust, which would forbid the sale of the business during five years. Neither of them can come into play if the general trust be defeated, for they are only intended to operate after the sale of stock which never will come into existence.

Intestacy results as to the assets of the business, unless they pass by the provision of the 21st paragraph. Obviously, that provision relates not to a

Surrogate's Court, Kings County, July, 1918.    [Vol. 104.

true residue but to the so-called "'residuary estate," which was intended to remain in the event of the death of the testator's son. In that event, the will.directed that the trusts created for him both as to the $5,000, and as to the balance of the estate, should forthwith terminate, and the same (*i. e.,* the funds of the said trusts) should "become a part of my residuary estate," which, as the testator says, "I dispose of in the following manner;" then follow gifts aggregating $5,250, which obviously do not exhaust the residuary estate which was in the mind of the testator. The 21st paragraph supervenes upon these partial gifts of the residuary estate, and its gift of "all the rest, residue and remainder" of the estate must be part of the scheme for the disposition of the "residue in the following manner."

Hence, the method of disposing of the residuary estate embraced the gift in the 21st paragraph, and since the subject of that disposition was only the remainder left in the event of the death of the son there is no general residuary devise.

The condition that, if the wife sees fit to contest the will, she shall be deprived of the income as provided in paragraph 13, is ineffectual. There was no gift over in event of contest by her, and the condition, therefore, is *in terrorem* and void.

The account of the executor is approved. That he has conducted the business to the present time may be forgiven in view of his success, but this finding is not to be taken as a dispensation for the future continuance of the enterprise. A fair and reasonable value of the services as counsel for the executors is found to be $3,000, of which $650 has been paid.

Decreed accordingly.